**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

SAMUEL GRACE NEAL                    :

    Plaintiff                    :

    v                    :                    Civil Action No. RWT-06-1959

CO II ROBERT GEARHART                    :
and SGT. LAWRENCE PARKS
                                    :
    Defendants
o0o

**<u>MEMORANDUM OPINION</u>**

Pending in the above-captioned civil rights case is Defendants' Motion to Dismiss or for Summary Judgment.  *See* Paper No. 11.  Although Plaintiff was advised of his right to file an opposition to this Motion, and of the consequences of failing to do so, he has not opposed the Motion.  Upon review of the papers filed, the court finds a hearing in this matter unnecessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the reasons that follow, the Motion to Dismiss or for Summary Judgment, construed as a Motion for Summary Judgment, will be granted.

<u>Background</u>

Plaintiff alleges that on March 8, 2004, he was verbally threatened by Officer Gearhart.  *See* Paper No. 1, at p. 4.  He claims that Gearhart told him he should not accept a laundry job assignment on the honor tier and that if he did accept it, he would be transferred to another prison away from his family in Hagerstown.  *Id*.  Plaintiff further states that Gearhart told him that if he filed an administrative complaint about the incident he would search his cell and find some contraband.  Plaintiff claims that Gearhart also "used and untruth to make the parole board pass on [his] possible release."  *Id*.  Finally, Plaintiff alleges that Gearhart assaulted him with a clipboard.

Defendants allege, and Plaintiff does not dispute, that in 2004 there were two job openings

in Plaintiff's housing unit.  *See* Paper No. 11, at Ex. 1.  Gearhart requested Case Management staff fill the vacancies as soon as possible in order to keep the housing unit running smoothly.  *Id*. Plaintiff told Gearhart that he wanted the daytime position because of his age and health conditions. *Id*.  Another inmate, Christopher Denicolis, was the next in line for that position.  After discussions with other correctional staff, it was decided that Plaintiff would receive the night time position and Denicolis would be assigned to the day time position.  *Id*.  Gearhart states that no further issues were apparent after the two inmates were told about the job assignments.  *Id*.

The following month Plaintiff confronted Gearhart with accusations that he was not paid properly for the preceding four weeks.  *Id*.  Although Gearhart tried to explain to Plaintiff that he needed to address the concern with officers on the 3 to 11 shift, Plaintiff refused to do so and claimed that Gearhart had done it purposely.  *Id*.  Plaintiff also threatened to write to Division of Correction headquarters to have Gearhart fired and indicated he would contact other authorities in an effort to make his life miserable.  *Id*.  Gearhart claims that Plaintiff became so belligerent over the issue that he ordered Plaintiff to go sit down in either the recreation hall or his cell or he would issue a disciplinary infraction.  *Id*.  Gearhart explains that Plaintiff has exhibited fits of anger coupled with threats and disrespectful statements on numerous occasions, but despite this behavior, Gearhart had overlooked the incidents because of Plaintiff's age[1] and health.  *Id*.

Plaintiff contacted Secretary Saar complaining about Gearhart.  An investigation into the complaint revealed no wrong-doing on Gearhart's part.  *See* Paper No. 11, at Ex. 2.  As a part of the investigation, Plaintiff was interviewed; he told the investigator that he currently had no problems with Gearhart.  *Id*.  Gearhart states that he did not participate in Plaintiff's parole consideration, and

---

[1] Plaintiff was 70 years old at the time of the incident.  *See* Paper No. 11, at Ex. 2.

had no involvement in the unfavorable decision.  *Id*.  On July 27, 2004, Plaintiff lost his job due to his removal from the honor tier.  *See* Paper No. 11, at Ex. 4.

<u>Standard of Review</u>

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate.  *See Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact.  *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the burden of proof on a particular claim must factually support each element of his or her claim.  "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.  Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966)). Instead, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

<u>Analysis</u>

"[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *see also Sandin v. Conner*, 515 U.S. 472 (1995) (requiring an "atypical and significant hardship" as prerequisite to creation of a constitutionally protected liberty interest).

Plaintiff has not alleged that the actions taken against him were for a discriminatory purpose or were the result of an effort to retaliate against him for the exercise of a constitutionally protected right. Plaintiff's bald allegation that his unfavorable parole decision was due to Gearhart providing

false information to the Parole Commission is unsupported by the evidence in this case.  Moreover,

the dispute regarding Plaintiff's job assignment and pay does not rise to a constitutionally significant

deprivation.  Accordingly, Defendants are entitled to summary judgment.  A separate order will

follow.


Date: 12/15/06

_____/s/_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE